# IN THE UNITED STATES DISTRICT COURT FOR
# THE NORTHERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| v. | ) | Case No. 09-CR-041-001-TCK |
| | ) | |
| **MARRELL DAVON BROWN,** | ) | |
| | ) | |
| **Defendant.** | ) | |

## OPINION AND ORDER

Before the Court is Defendant Marrell Davon Brown's Petition for Writ of Habeas Corpus ad Prosequendum (Doc. 25). Defendant requests the Court issue a writ directing him to appear before the Court for a show cause hearing on the order on supervised release alleging violation of the terms of supervised release.

On April 13, 2009, Defendant pleaded guilty to a single-count indictment charging felon in possession of a firearm and ammunition, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). On July 13, 2009, he was sentenced to thirty-seven months in the custody of the U.S. Bureau of Prisons ("BOP"), to be followed by a three-year term of supervised release. Defendant was released from the BOP to begin his term of supervised release on October 20, 2011. The term of supervised release was scheduled to expire on October 19, 2014.

On October 4, 2012, an order on supervised release was filed alleging supervised release violations (Doc. 22), and a warrant was issued (Doc. 23). The term of supervised release tolled when Defendant was taken into custody for state law violations.[1] The order on supervised release

---

[1] A term of supervised release tolls when a defendant is imprisoned in connection with any conviction for another crime unless the term of imprisonment is less than thirty days. 18

alleges Defendant committed new law violations as alleged in Tulsa County District Court Case No. CF-2012-3596, charging second degree burglary, felon in possession of a firearm, and obstructing an officer. On September 20, 2012, Defendant pled guilty to the three-count information and was sentenced to an aggregate eight-year term of imprisonment in the custody of the Oklahoma Department of Corrections. He is currently incarcerated at the Jess Dunn Correctional Center, where the U.S. Marshal lodged a detainer based on the order on supervised release warrant.

There is no constitutional right to disposition of supervised release violation charges prior to the expiration of a separate sentence. *See Moody v. Daggett*, 429 U.S. 78, 89 (1976) (holding that parolee who was imprisoned for a crime while on parole was not entitled to an immediate revocation hearing on an unexecuted warrant for parole violations and a detainer lodged with his present institution of confinement); *see also United States v. Fernandez*, No. 96-2166, 1998 WL 58158, at *1-2 (10th Cir. 1998) (unpublished) (applying *Moody* in the context of a supervised release violator's warrant and holding that hearing requirements and time limitations of Fed. R. Crim. P. 32.1 are triggered only when defendant is taken into custody on the warrant). It is only upon execution of the warrant that a petitioner's liberty interests based on unreasonable delay are affected. *Moody*, 429 U.S. at 87-88.

Defendant makes no claim that delay in the execution of the warrant may prejudice his ability to contest the issue of whether he committed a violation of release. Even if he did, his claim is without merit because, as evidenced by his conviction in Tulsa County District Court Case No. CF-2012-3596, Defendant has confessed to the conduct forming the sole basis of the allegations in the order on supervised release. Therefore, neither an allegation of credibility nor concern over loss

---

U.S.C. § 3624(e).

of witnesses appears to be an issue. As Defendant is serving an indeterminate imprisonment term, knowledge of the extent of punishment and his conduct while confined are material to this Court's determination of proper disposition of the revocation matter. Neither can be accurately assessed until the state sentences are satisfied.

Based on these facts, the Court finds that execution of the supervised release warrant and appearance for a show cause hearing is not in the interest of justice until Defendant discharges from the state sentences.

**IT IS THEREFORE ORDERED** that defendant's Petition for Writ of Habeas Corpus ad Prosequendum (Doc. 25) is denied.

**DATED** this 7th day of April, 2015.

TERENCE C. KERN
UNITED STATES DISTRICT JUDGE